UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DEBRA ANN CARLON,<br><br>   Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 8:17-cv-00802-JDE<br><br>MEMORANDUM OPINION AND ORDER |

  Plaintiff Debra Ann Carlon ("Plaintiff") filed a Complaint on May 5, 2017, seeking review of the Commissioner's denial of her application for disability insurance benefits ("DIB"). The parties filed consents to proceed before the undersigned Magistrate Judge. In accordance with the Court's Order Re: Procedures in Social Security Appeal, the parties filed a Joint Stipulation ("Jt. Stip.") on April 17, 2018, addressing their respective positions. The Court has taken the Joint Stipulation under submission without oral argument and as such, this matter now is ready for decision.

# I.
# BACKGROUND

On September 27, 2013, Plaintiff applied for DIB, alleging disability beginning December 30, 2011. (Administrative Record ["AR"] 27, 44, 105, 219-225.) After her application was denied initially (AR 105), and on reconsideration (AR 118), Plaintiff requested an administrative hearing. (AR 27, 135.) The first part of her hearing was held on September 1, 2015. (AR 60.) Plaintiff, represented by counsel, appeared and testified before an Administrative Law Judge ("ALJ"), as did Dr. Eric Schmitter, a medical expert ("ME"). (AR 61-91.) The second part of the hearing was held on January 12, 2016. (AR 42.) Plaintiff, again represented by counsel, appeared and testified before the same ALJ, as did Dr. Schmitter, and Victoria Rei, a vocational expert. (AR 44-59.)

On February 1, 2016, the ALJ issued a written decision finding Plaintiff was not disabled. (AR 27-34.) Although Plaintiff had earnings in 2012, the ALJ gave Plaintiff the benefit of the doubt and found that she had not engaged in substantial gainful activity since December 30, 2011, the alleged onset date. (AR 29.) The ALJ determined that Plaintiff suffered from the following severe impairments: status post lumbar fusion in 2008 with subsequent revision; status-post left shoulder arthroscopy; and mild left carpal tunnel syndrome. (AR 29.) The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (AR 30-31.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations: Plaintiff could (1) lift and carry up to 20 pounds occasionally, and 10 pounds frequently; (2) stand and walk for six hours in an eight-hour workday; (3) sit without limitation, but with the opportunity to change positions for one to three minutes each hour; (4) occasionally climb stairs,

bend, balance, stoop, kneel, crouch, or crawl; (5) not climb ladders, ropes, or scaffolds; (6) use her left upper extremity for occasional overhead reaching, and for frequent gross and fine manipulation. (AR 31.) The ALJ further found that Plaintiff was capable of performing past relevant work as a general clerk. (AR 33-34.) Accordingly, the ALJ concluded that Plaintiff was not under a "disability," as defined in the Social Security Act. (AR 34.)

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR 8-9.) On April 5, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (AR 1-6.) This action followed.

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th Cir. 2007).

Lastly, even when the ALJ commits legal error, the Court upholds the decision where that error is harmless. <u>Molina</u>, 674 F.3d at 1115. An error is harmless if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." <u>Brown-Hunter</u>, 806 F.3d at 492 (citation omitted).

## III.

## DISCUSSION

The parties present four disputed issues (Jt. Stip. at 4)[1]:

<u>Issue No. 1</u>: Whether the ALJ properly considered Plaintiff's subjective symptoms;

<u>Issue No. 2</u>: Whether the ALJ properly considered Plaintiff's severe impairments;

<u>Issue No. 3</u>: Whether the ALJ erred in assessing Plaintiff's RFC; and

<u>Issue No. 4</u>: Whether the ALJ properly considered the medical expert's opinion.

**A.     Plaintiff's subjective symptom testimony**

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must

---

[1] The Court has reordered the issues as presented by the parties because they are interrelated and dependent on a proper determination of the first issue.

4

provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v. Comm'r Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. § 404.1529(a). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude that the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (citation omitted). However, if the ALJ's assessment of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).[2]

During the administrative hearings, Plaintiff testified that she worked as a human resources office technician for the State of California until December 2011. (AR 51-52, 70-71, 77-78.) She had multiple back surgeries; she was laid off because of her poor work attendance due to her condition. (AR 70-71, 78-79.) She searched for work until around mid-2013, but stopped looking because of her back pain. (AR 52, 72-73.) Her pain is in her left lower back, and it radiates down her left leg. (AR 81.) She has burning and stabbing pain in her left foot, making it difficult to walk. (AR 73, 81.) She also has carpal tunnel

---

[2] After the ALJ's decision, SSR 16-3p went into effect. See SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). SSR 16-3p provides that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term." Id. Moreover, "[i]n doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character" and requires that the ALJ consider all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. Id.; Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (as amended). Thus, the adjudicator "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person." SSR 16-3p, 2016 WL 1119029, at *10.

that causes stabbing and burning pains in her hands. (AR 82.) Her level of pain is eight out of ten on her best day, and nine out of ten on her worst day. (Id.) She has problems sleeping and has to nap during the day. (AR 83.)

Regarding her limitations, Plaintiff testified can sit for about an hour, and then she has to get up and walk around for 15 to 20 minutes. (AR 83-84.) She can stand for about 30 minutes, and then her back and left leg begin to hurt. (AR 84-85.) She can walk about a block, using a prescribed cane. (AR 85.) She can lift two to three pounds. (Id.) She has difficulty climbing stairs, grasping items, and with fine manipulation. (AR 85-87.) She can drive just a few blocks. (AR 87-88.) She can do a little cleaning and not very much cooking. (AR 88.) She shops for groceries, but her husband accompanies her. (AR 88-89.) Her husband and daughter help with household chores. (Id.) She has difficulty showering. (AR 90.) She takes a variety of medication for her pain, depression, muscle spasms, and to help her sleep. (AR 73-75.) The medication makes her drowsy, tired, and constipated, and it affects her ability to concentrate and think. (AR 73, 82-83.) She also uses a TENS[3] unit, heat, and ice on her back. (AR 75-77.)

The ALJ provided a one-sentence summary of Plaintiff's subjective allegations, and listed some activities Plaintiff mentioned in a function report, "including self-care, housework, errands (including driving and shopping in stores), and social and leisure activities." (AR 31, citing AR 258-65.) The ALJ determined Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credibly insofar as they are not fully supported by the medical evidence

---

[3] "TENS" stands for "transcutaneous electric nerve stimulator." Int'l Rehabilitative Sci. Inc. v. Sebelius, 688 F.3d 994, 998 (9th Cir. 2012).

6

of record." (Id.) The ALJ then proceeded to summarize the medical evidence of record. (Id.) As explained below, the Court finds the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's testimony.

Preliminarily, to the extent it can be gleaned from the decision that the ALJ relied on Plaintiff's reported daily activities to discount her testimony, the finding is insufficient. The ability to engage in activities such driving, shopping, and taking care of simple cleaning tasks around the house have been found unpersuasive by the Ninth Circuit in discounting subjective symptom testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Oldham v. Astrue, 2010 WL 2850770, at *9 (C.D. Cal. July 19, 2010) ("The fact that [claimant] may be able to wash a few dishes, wipe down a bathroom, or do a load of laundry does not constitute convincing evidence that [claimant] could handle the more rigorous demands of the workplace."). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014). "[O]nly if [her] level of activity [was] inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." Id.

Moreover, the Court agrees with Plaintiff that the ALJ failed to make any finding as to the transferability of her minimal activities to the workplace. (Jt. Stip. at 23; AR at 31); see Martinez v. Berryhill, 721 F. App'x 597, 600 (9th Cir. 2017) (ALJ improperly "discounted [claimant]'s testimony based on her

7

daily activities . . . [without] support[ing] the conclusions as to the frequency of those activities or their transferability to the workplace."); Orn, 495 F.3d at 630 (ALJ must make "specific findings related to [the daily] activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination").

The only articulated reason for rejecting Plaintiff's credibility was that her statements were "not fully supported by the medical evidence of record." (AR 31.) This is insufficient for two reasons. First, the ALJ did not identify any specific subjective allegations that were inconsistent with the medical evidence. See Brown-Hunter, 806 F.3d at 494 ("We cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [the claimant's] pain testimony where, as here, the ALJ never identified which testimony she found not credible, and never explained which evidence contradicted that testimony."); Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("General findings are insufficient; rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." (citation omitted)). Instead, the ALJ simply stated her conclusion, and followed with a summary of the medical evidence. (AR 31.) This is inadequate to support a finding upon review. See Brown-Hunter, 806 F.3d at 494 (credibility determination insufficient when ALJ "simply state[s] her non-credibility conclusion and then summarize[s] the medical evidence").

Second, because the ALJ did not provide any other clear and convincing reason for discounting Plaintiff's subjective complaints, reliance on the lack of objective evidence alone is not a sufficient basis for the ALJ's credibility determination. See Rollins, 261 F.3d at 856-57; Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony); Dschaak v. Astrue, 2011 WL 4498835, at *1 (D. Or. Sept. 27,

2011) ("[O]nce the[] other bases for the ALJ's decision were discarded as erroneous, the ALJ's credibility determination could not rely solely on conflicts with the medical evidence.").

The Commissioner contends that the ALJ also relied on treatment records demonstrating "good" pain management. (Jt. Stip. 21.) However, the ALJ did not specifically delineate that as a reason in discounting Plaintiff's subjective symptoms. The Court is "constrained to review the reasons the ALJ asserts" and may not affirm the decision of the Commissioner on a ground the ALJ did not invoke in reaching her decision. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Orn, 495 F.3d at 630. While the ALJ mentioned Plaintiff's reports of pain relief from some treatment procedures,[4] those notations appear in her summary of the evidence and are not tethered to any specific testimony. (AR 32-33.) Moreover, the ALJ also noted that other "[p]hysical examination findings supported [Plaintiff's] subjective reports." (AR 32 (emphasis added).) Without any reconciliation of these objective findings, or any attempt to show how they reflected unfavorably on Plaintiff's testimony, the findings do not allow for meaningful review. Brown-Hunter, 806 F.3d at 492 (federal courts "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review").

Accordingly, the ALJ did not provide specific, clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective symptom testimony. In this instance, the Court cannot conclude that the ALJ's

---

[4] Some pain relief cited by the ALJ was temporary. Plaintiff reported "breakthrough" pain in the afternoons following temporary relief earlier in the day. (AR 32, 755.) This breakthrough pain occurred even when she was on methadone. (AR 755); See Gonzalez v. Colvin, 2016 WL 5388948, at *4 n.5 (C.D. Cal. Sept. 26, 2016) (methadone is a used for severe pain in people who are expected to need pain medication around the clock for an extended period of time and who cannot be treated with other medications).

9

error was harmless. See, e.g., Brown-Hunter, 806 F.3d at 492-93 (ALJ's failure adequately to specify reasons for discrediting claimant testimony "will usually not be harmless"). In light of the significant functional limitations reflected in Plaintiff's subjective statements, the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [Plaintiff's] testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055-56 (9th Cir. 2006).

**B.    Remand is appropriate.**

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). A remand for further proceedings is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled and award disability benefits. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, the Court concludes that remand to the Commissioner for further administrative proceedings is warranted. The resolution of Plaintiff's credibility affects the other outstanding issues raised in the Joint Stipulation. Plaintiff contends in Issue No. 2 that the ALJ erred by finding her depression not severe at step two of the disability analysis. (Jt. Stip. at 2-4.) The ALJ relied in part on Plaintiff's subjective reports to doctors, as well as the daily activities discussed above and found insufficient to discredit Plaintiff. (AR 30.) Thus, a remand will allow the ALJ to reconsider the step two finding in light

of the reassessment of Plaintiff's subjective complaints. Moreover, Plaintiff's credibility necessarily affects her RFC (Issue No. 3), and remand will allow the ME to assess the records he was not able to review (Issue No. 4.). (Jt. Stip. at 8-9, 11-15.) See Vaughn v. Berryhill, 242 F. Supp. 3d 998, 1010 (E.D. Cal. 2017) (dispensing of exhaustive analysis of plaintiff's remaining issues because "[t]he ALJ's findings at step two [and] his evaluations of [p]laintiff's credibility . . . are inescapably linked to conclusions regarding the medical evidence"); Alderman v. Colvin, 2015 WL 12661933, at *8 (E.D. Wash. Jan. 14, 2015) (remanding in light of interrelated nature of ALJ's decision to discount claimant's credibility, make a proper step two analysis, and give appropriate consideration to physician's opinions).

Because it is unclear, in light of these outstanding issues, whether Plaintiff is in fact disabled, remand here is on an "open record." See Brown-Hunter, 806 F.3d at 495; Burrell, 775 F.3d at 1141-42; Bunnell, 336 F.3d at 1115-16. The parties may freely take up all issues raised in the Joint Stipulation, and any other issues relevant to resolving Plaintiff's claim of disability, before the ALJ.

Accordingly, on remand, the ALJ shall reassess Plaintiff's subjective complaints, and then reassess her severe impairments and Plaintiff's RFC in light of the subjective symptom testimony and proceed through step four and step five, if necessary, to determine what work, if any, Plaintiff is capable of performing that exists in significant numbers.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the

//
//

11

Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: June 13, 2018

_____
JOHN D. EARLY
United States Magistrate Judge